## THE ROSLYN, etc.

*(District Court, S. D. New York. December 22, 1884.)*

COLLISION—TUG AND FERRY-BOAT—SIGNALS.

 A ferry-boat, in approaching her slip on the New York shore of the Hudson river, observed a steam-tug lying nearly at rest in her way, and whistled to her, but no answer was given, and she continued on her course, but did not check her speed in time to prevent a collision. The steam-tug had been temporarily disabled by the breaking of her rudder chain, but had nearly repaired it. Had the tug observed the ferry-boat coming she might have moved forward somewhat out of her way and avoided the collision. *Held*, that both were in fault; the tug, for neither answering the ferry-boat's signals, nor giving any signals of danger, and for not keeping a lookout and not moving somewhat, as she might have done; the ferry-boat, for unnecessarily running upon the tug, there being plenty of room to avoid her.

In Admiralty.

*E. D. McCarthy,* for libelant.

*Alexander & Green,* for claimants.

BROWN, J. On the sixteenth of March, 1883, as the ferry-boat Roslyn, from Hoboken to Forty-second street, was near to her slip, she collided along her port side with the stern of the steam-tug E. A. Packer. The latter, a short time previous, had backed out of the slip at Forty-sixth street, and, when a few hundred feet beyond the pier, had broken her rudder chain; whereupon, her engines were stopped, and she drifted slowly down stream with the slack ebb-tide. Some 15 or 20 minutes were occupied in repairing her rudder chain, during which time the tug was, in the main, unmanageable. The repairs had not been quite completed when the ferry-boat came along, and collided with her, as above stated. The ferry-boat, shortly after leaving her dock on the opposite side of the river, had observed the tug near the line of her course, and at different times gave whistles and signals, none of which were answered by the tug; nor were any

signals given by the tug, nor any attention paid to the coming of the ferry-boat. The collision was between Forty-second and Forty-third streets, a short distance only beyond the end of the piers. As the Roslyn approached the tug, her engine was first slowed. When very near, she stopped and backed, but not in season to avoid the collision. There is no sufficient excuse for the ferry-boat in not having checked her speed in time, for she could have come to a full stop in going some 200 or 300 feet. Her pilot saw long before that the tug was drifting; and the fact that none of his signals were answered ought to have led him to the inference that something was the matter with the tug. There was plenty of room for him to have kept out of the way, and there was no obstruction. No steamer, whether ferry-boat or otherwise, has any right to imperil the property or the lives of others by running upon other water-craft unnecessarily, whether the latter are in fault or not. *The Warren,* 18 Fed. Rep. 559. They must avoid collisions, at all events, so far as they have means in their power to avoid them, either by a change of their own course or by stopping in time; and there was no difficulty in the ferry-boat's doing either in this case. She must, therefore, be held in fault.

I cannot, however, acquit the tug. She was in the usual track of the ferry-boat, and near the slip. The testimony is to the effect that it was not unusual for boats to be in the way of ferry-boats, and upon signals given to move out of the track of the ferry-boat to permit entrance to the slip. Some of the whistles given by the ferry-boat were heard upon the tug. The tug was not completely at rest. Though drifting, she had had some motion of her own from the previous backing, though this was probably mostly lost at the time of the collision. But she was not moored or at anchor. The inspector's rules required some answer to the signals given her. The proper signals in reply were signals of danger, to indicate her disabled and comparatively helpless condition. Had these been given, it would have served as a direct warning to the ferry-boat, and I doubt not would have led to the avoidance of the collision. Where the situation is one which involves some doubt, such as arises from tugs that are in the track of ferry-boats, but may reasonably be supposed to be designing to move out of the way on signals, it must be held a neglect of reasonable precaution, as well as a violation of the rule, not to answer signals received, and not to give any warning of difficulty by means of danger signals. The Packer, moreover, was not wholly helpless or disabled, but only very slightly so. At the last moment a forward turn or two was given to her engines. Had this been done earlier, which might have been done on very brief notice, the collision would have been avoided. For these reasons the Packer must also be held chargeable with fault, and her recovery limited to one-half the damages. *The James M. Thompson,* 12 Fed. Rep. 189.